[962 NYS2d 654]

In the Matter of MICHAEL LEVITIS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 10, 2013

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated February 14, 2012. Following a hearing held on May 3, 2012, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the report of the Special Referee and for imposition of such discipline as the Court deems just and appropriate. The respondent supports the motion and asks the Court to impose only a public censure.

Charge one alleges that the respondent is guilty of professional misconduct, in that he has been convicted of a serious crime, in violation of rule 8.4 (b) and (c) of the Rules of Professional Conduct (22 NYCRR 1200.0). On March 1, 2011, the respondent pleaded guilty before the Honorable Allyne R. Ross in the United States District Court for the Eastern District of New York, to one count of making a false statement, in violation of 18 USC § 1001 (a) (2), a federal felony. He was sentenced to a period of probation of three years, and a $15,000 fine.

As revealed in the plea minutes, on or about January 6, 2010, FBI agents visited the respondent at his home, and asked him whether he had discussed holding a fundraiser with a certain individual, and the respondent lied, saying he did not, when, in fact, he did discuss holding a fundraiser with this individual.

Based on the uncontroverted evidence and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

The respondent has a prior disciplinary history, consisting of a letter of caution in 2008 and an admonition in 2012.

In mitigation, the respondent asks that the Court consider the following factors: his relative youth; the aberrational and unplanned nature of his misconduct; his acknowledgment of guilt; his full cooperation with the Grievance Committee; his sincere remorse; the absence of any risk that he will engage in repeat misconduct; his personal background; his contributions to Jewish and immigrant-related charities; and his reputation as an ethical and honest attorney.

Under the totality of the circumstances, including mitigating factors, the respondent is suspended from the practice of law for six months, nunc pro tunc to January 24, 2012, with leave to apply for reinstatement immediately.

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Michael Levitis, is suspended from the practice of law for a period of six months, nunc pro tunc to January 24, 2012, and continuing until further order of this Court, with leave to apply for reinstatement immediately upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (4) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Michael Levitis, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael Levitis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).